IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NEW CINGULAR WIRELESS PCS, LLC d/b/a AT&T MOBILITY <br>     **Plaintiff** <br><br> vs. <br><br> CITY OF PITTSBURGH, COMMONWEALTH OF PENNSYLVANIA <br>     **Defendant** | : DOCKET NO. 2:2021-CV-0443 CCW <br> : <br> : <br> : <br> : <br> : <br> : <br> : CIVIL ACTION <br> : |

**Fed. R. Civ. P. 26(f) REPORT OF THE PARTIES**

1.   **Identification of counsel and unrepresented parties**.

   *FOR Plaintiff New Cingular Wireless PCS, LLC, d/b/a AT&T Mobility ("AT&T"):*

| | |
|---|---|
| Christopher H Schubert, Esquire <br>   *chriss@rrhc.com* <br> Michael T. Shiring, Esquire <br>   *mikes@rrhc.com* <br> RILEY RIPER HOLLIN & COLAGRECO <br> 717 Constitution Drive, Suite 201 <br> Exton, PA 19341 <br> O: (610) 458-4400 <br> F: (610) 458-4441 | Raymond Bolanos, Esquire (*Pro hac vice*) <br>   *rb2659@att.com* <br> AT&T Legal Dept. <br> 430 Bush St, Ste 6th Floor <br> San Francisco, CA 94108 <br> O: (415) 268-9491 |

   *FOR Defendant City of Pittsburgh, Commonwealth of Pennsylvania ("City"):*

| | |
|---|---|
| Daniel Cohen, Esquire; <br>   *dcohen@cohenlawgroup.org* <br> Michael Roberts, Esquire; and <br>   *mroberts@cohenlawgroup.org* <br> Joel Winston, Esquire <br>   *jwinston@cohenlawgroup.org* <br> COHEN LAW GROUP <br> 413 S. Main Street <br> Pittsburgh, PA 15215 <br> O: (412) 447-0130 | Michael E. Kennedy, Esquire <br>   *michael.kennedy@pittsburghpa.gov* <br> Krysia Kubiak, Esquire <br>   *krysia.kubiak@pittsburghpa.gov* <br> City of Pittsburgh Department of Law <br> 414 Grant Street <br> 313 City-County Building <br> Pittsburgh, PA 15219 <br> O: (412) 255-2025 <br> F: (412) 255-2285 |

2.  **General nature of the case:**

    Claims involving unreasonable delay and effective prohibition based on the City of Pittsburgh's right-of-way use agreement fees for Small Wireless Communications Facilities ("ROW Fees") under the Telecommunications Act of 1996, 47 U.S.C. §§ 151, et seq.

3.  **Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:**

    Rule 26(f) Conference was held on September 12, 2022. Appearing were Christopher Schubert and Michael Shiring, for AT&T and Daniel Cohen and Joel Winston for the City.

4.  **Date of Rule 16 Initial Scheduling Conference as scheduled by the Court**:

    September 27, 2022, at 11:00 AM

5.  **Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:**

    N/A

6.  **Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process. Set forth any other information the parties wish to communicate to the court regarding the ADR designation:**

    Both parties support Early Neutral Evaluation (ENE). Unless otherwise ordered or extended by the Court for good cause shown, Section 4.4.B, *Alternative Dispute Resolution Policies and Procedures* (January 2, 2019, Dist. Ct. W.D. Pa.) requires that the ENE shall be held within 60 days after the initial scheduling conference.

    The City suggests proceeding with ENE within 60 days after the initial scheduling conference (*i.e*., on or before November 26, 2022), consistent with Section 4.4B.

    AT&T suggests proceeding with ENE within 30 days after completion of fact discovery (*i.e*., on or before March 31, 2023). AT&T asserts that the City's ROW Fees are a key issue in this case. AT&T believes that effective ENE requires the Evaluator to understand the City's cost model for ROW Fees and the appropriate numbers to plug into the model, and therefore needs additional discovery so such information is available.

    The City believes a qualified ENE is capable of understanding the City's cost model without additional discovery.

    As a separate matter, the City suggests that the Court first resolve the issue of whether

*1464331.1*

AT&T's applications were "duly filed" before reaching the additional issue involving the reasonableness of the City's ROW Fees. In response, AT&T suggests that the Court allow ENE to address all issues presently before the Court, including its claim of "unreasonable delay" under Section 332(c)(7)(B)(ii) set forth in Claim 1, as well as its claim of excessive ROW fees in the remaining counts.

Plaintiff's Amended Complaint asserts four claims: (1) Unreasonable Delay and Shot Clock Violation for Applications under Section 332(c)(B)(7)(ii); (2) Effective Prohibition under Section 332(c)(7)(B)(i)(II); (3) Effective Prohibition – De Facto Moratorium under Section 253; and (4) Effective Prohibition – Excessive Recurring Fees under Section 253.

Parties have already engaged in substantial factual discovery regarding: "(1) whether Plaintiff's applications were filed/submitted; (2) whether the applications were 'complete,' including whether an executed right of way agreement and/or insurance certificate and bond were required to be submitted in order for the application to be "filed" or could be provided at some later time, and including what "fees" were required to be paid, and when." ECF No. 30.

As indicated in the Text Order of this Honorable Court, "if AT&T's request was not 'duly filed,' then it would appear, based on the current state of parties' briefing and facts, that there would have been no obligation for the City to act and thus there would not have been a violation of Section 332(c)(7)(B)(ii) of the TCA. Further, AT&T's other counts in the Amended Complaint contain allegations closely related to the wireless application's requirements and the failure to timely act on such application." ECF No. 39.

Defendant submits that bifurcating and resolving the issue of "duly filed" (claim 1) will avoid potentially protracted and expensive litigation regarding the reasonableness of Defendant's ROW Fees (claims 2 – 4). Given the extensive discovery already completed on the issue of "duly filed," the parties could complete discovery on claim one with only incremental costs and submit to the trier of fact the "genuinely disputed facts as to whether the application was 'duly filed.'" ECF No. 39. In response, AT&T suggests that ENE address all issues presently before the Court. AT&T believes that its claim of excessive fees is ripe regardless of whether its applications were "duly filed," and to similar effect would expedite the matter by resolving all claims before the Court. As such, further discussion with the Court on the issue of "bifurcation" is warranted.

7. **Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court**:

   N/A

8. **Subjects on which fact discovery may be needed**:

   By AT&T:

   - Whether its applications were "duly filed," and processing of its applications
   - How similar applications were handled by the City

- Development and implementation of City's processes and cost model for administration of small cell facilities
- Associated costs utilized by the City in its calculation of ROW Fees calculation

By the City:

- Whether AT&T's applications were "duly filed" with the City of Pittsburgh
- AT&T's payment of ROW fees for Small Wireless Communications Facilities in other municipalities
- AT&T's analysis and determination of reasonableness or unreasonableness for Small Wireless Communications Facilities in the City of Pittsburgh and other municipalities
- AT&T's arrangement with Crown Castle for leasing of Small Wireless Communications Facilities placements in the City of Pittsburgh and other municipalities
- Costs and revenues associated with AT&T network operations in the City of Pittsburgh and other municipalities
- Costs associated with AT&T's management of Small Wireless Communications Facilities in the public rights-of-way of the City of Pittsburgh and other municipalities

The parties reserve the right to object to discovery requests which are outside of the scope of Rule 26(b).

9. **Set forth suggested dates for the following:**

   a. **Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:** September 26, 2022

   b. **Date by which any additional parties shall be joined:** N/A

   c. **Date by which the pleadings shall be amended:** N/A

   d. **Date by which fact discovery should be completed:** March 31, 2023

   e. **If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:**

   AT&T believes that discovery should proceed on all relevant issues. The City believes that if Plaintiff's claims are bifurcated, phase one of discovery could focus on whether the applications were "duly filed" (claim 1); if necessary, phase two of discovery could focus on the reasonableness of the City's ROW Fees (claims 2 – 4). As such, further discussion with the Court is warranted.

   f. **Date by which plaintiff's expert reports should be filed:** April 30, 2023

   g. **Date by which depositions of plaintiff's expert(s) should be completed:**

*1464331.1*

- AT&T suggests May 31, 2023
- The City suggests June 30, 2023

h.  **Date by which defendant's expert reports should be filed:**
- AT&T suggests June 30, 2023
- The City suggests July 31, 2023

i.  **Date by which depositions of defendant's expert(s) should be completed:**

- AT&T suggests July 31, 2023
- The City suggests September 30, 2023

j.  **Date by which third party expert's reports should be filed:** N/A

10. **Date by which depositions of third party's expert(s) should be completed:** N/A

11. **Please answer the following questions in regard to the discovery of electronically stored information ("ESI"):**

   a.  **ESI.** Is either party seeking the discovery of ESI in this case?
   ☑ Yes        ☐ No [If "No," skip to sub-part (e) below.]

   b.  **ESI Discovery Plan.** The parties have reviewed and discussed the Court's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information set forth in "Appendix LCvR 26.2.C-CHECKLIST" to the Local Rules and:

   ☑ Have agreed that, in light of the facts and issues in this case, there is no need to complete an ESI discovery plan, and will conduct ESI discovery:
   - In accordance with Rule 34.

.

   ☐ Have developed an ESI discovery plan (as attached).
   ☐ Will have an ESI discovery plan completed by
   ☐ NOTE:  At the direction of the Court, parties may be required to submit a draft of the Stipulated Order re: Discovery of Electronically Stored Information for Standard Litigation set forth in "Appendix LCvR 26.2.E-MODEL ORDER" to the Local Rules, to address specific issues relative to the parties' exchange of electronic discovery and ESI.  If the parties are unable to do so, they should advise the Court promptly.

   c.  **Preservation.** Have the parties agreed on any protocol for the preservation of electronic data and/or potentially relevant ESI?
   ☑ Yes        ☐ No

   d.  **ADR.** Does any party believe that the exchange of ESI is necessary prior to conducting meaningful Alternative Dispute Resolution ("ADR") in this case?
   ☑ Yes        ☐ No

*1464331.1*

    e.    **Clawback Agreement**. The parties have reviewed F.R.C.P. 26(b)(5), F.R.E. 502 and LCvR 16.1.D, Procedures Following Inadvertent Disclosure, and:

        ☒ Request the Court enter an Order implementing Federal Rule of Evidence 502(d) such as the model Order set forth in "Appendix LCvR 16.1.D" to the Local Rules and filed with this Report.
        ☐ Have agreed on alternate non-waiver language, which either is or will be incorporated within the ESI discovery plan.
        ☐ Are unable to agree on appropriate non-waiver language.

    f.    **EDSM and E-Mediator.** Does any party believe that the appointment of an E-Discovery Special Master ("EDSM") or E-Mediator would help resolve ESI discovery issues in this case? For further information, see the Court's official website at http://www.pawd.uscourts.gov.
        ☒ Yes    ☐ No

    g.    **Other**. Identify all outstanding disputes concerning any ESI issues: N/A

12. Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery; in either event the parties shall be prepared at the Post-Discovery Status Conference to discuss and/or schedule the following: (The parties are *not* required during their Rule 26(f) Conference to consider or propose dates for the items identified below. Those dates will be determined, if necessary, at the Post-Discovery Status Conference. Lead trial counsel for each party and each unrepresented party are required to attend the Post- Discovery Status Conference with their calendars in hand to discuss those items listed below that require scheduling. In addition, a representative with settlement authority of each party shall be required to attend; representatives with settlement authority of any insurance company providing any coverage shall be available throughout the Conference by telephone):

    a.    **Settlement and/or transfer to an ADR procedure;**

    b.    **Dates for the filing of expert reports and the completion of expert discovery as itemized in sub-paragraphs 9.f. through 9.k., above, if the parties elected to defer such discovery until after the Post-Discovery Status Conference;**

    c.    **Dates by which dispositive motions pursuant to Fed. R. Civ. P. 56, replies thereto and responses to replies should be filed;**

    d.    **Dates by which parties' pre-trial statements should be filed;**

    e.    **Dates by which *in limine* and *Daubert* motions and responses thereto should be filed;**

    f.    **Dates on which motions *in limine* and *Daubert* motions shall be heard;**

    g.    **Dates proposed for final pre-trial conference;**

    h.    **Presumptive and final trial dates.**

*1464331.1*

13. Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c): N/A

14. Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role:

    Not anticipated at this time.

15. If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached: N/A

16. Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:

    The parties discussed a compromised amount for recurring fees to access the public ROW, falling between the presumptively reasonable rate of $270 and the current rate established by the City of $850. However, the City asserts that it cannot agree to a rate below $850, since (i) a lower rate will not capture its reasonable costs associated with administration of small cell facilities in the public ROW; and (ii) the City will have to adjust rates similarly for all other wireless providers to avoid claims of "unreasonable discrimination among providers of functionally equivalent services." 47 U.S.C. § 332(c)(7)(B)(i)(I).

    The parties further discussed the merit to submit the matter to a special master having expertise in determining costs for municipal services, specifically related to and caused by the deployment of Small Wireless Communication Facilities in the public ROW. In theory, the special master would undertake his/her own cost study based on relevant and appropriate cost data, and then would determine a binding rate for 2023, based on "a reasonable approximation of actual and direct costs incurred by the government based on reasonable costs" incurred due to Small Wireless Communications Facilities within the public ROW. Small Cell Order, ¶ 50.

    The parties at present have no authority from their respective clients under either settlement scenario.

*(ELECTRONIC SIGNATURES CONTINUE ON NEXT PAGE)*

Respectfully submitted,

RILEY RIPER HOLLIN & COLAGRECO, P.C.

By: /s/ Christopher H. Schubert
    Christopher H. Schubert, Esquire
    Attorney I.D. No. 47475
    *chriss@rrhc.com*
    Michael T. Shiring, Esquire
    Attorney I.D. No. 78633
    *mikes@rrhc.com*
    717 Constitution Drive, Suite 201
    Exton, PA 19341
    (610) 458-4400

By: /s/ Raymond P. Bolaños
    Raymond P. Bolaños, *pro hac vice*
    Attorney I.D. CSB #142069
    *rb2659@att.com*
    AT&T SERVICES, INC.
    Legal Department
    430 Bush Street, 6th Floor
    San Francisco, CA 94108
    (415) 268-9491

*Attorneys for Plaintiff New Cingular Wireless PCS, LLC, d/b/a AT&T Mobility*


COHEN LAW GROUP

By: /s/ Joel S. Winston
    Joel S. Winston, PA No. 324027
    Daniel S. Cohen, PA No. 46166
    Michael Roberts, PA No. 323878
    Cohen Law Group
    413 S. Main Street
    Pittsburgh, PA 15215
    Tel. (412) 447-0130, ext. 17

By: /s/ Michael E. Kennedy
    Michael E. Kennedy, Assoc. City
    Solicitor PA No. 52780
    City of Pittsburgh Law Department
    Third Floor, City-County Building
    414 Grant Street
    Pittsburgh, PA 15219
    Tel. (412) 255-2025

*Attorneys for Defendant City of Pittsburgh*

*1464331.1*